Surrogate's Court, Westchester County, February, 1910.   [Vol. 66.

(Matter of Tucker, 28 Misc. Rep. 595), and the provision contained in the decree as to the filing of a bond required by section 2746, Code of Civil Procedure, did not defeat the right of the accountants to just credits for such payments.   If an objection to the account had been made on that ground by the special guardian, and it was not made by him, such objection would have to be overruled.

The facts set forth in the report of the referee will be included in my decision and the separation of the funds of the separate trusts will be made as recommended by him.   All of the objections to the account are overruled.   The accountants will be paid costs of the proceeding out of the estate; no costs will be awarded to the special guardian. Tax costs and settle decision and decree on notice.

Decreed accordingly.

---

Matter of the Judicial Settlement of the Account of Proceedings of MICHAEL NYAHAY, as Executor of the Last Will and Testament of MIKOLAJ ILKOW, Deceased.

(Surrogate's Court, Westchester County, February, 1910.)

Consuls — Appearance in litigation affecting foreign interests — Subjects of Austria-Hungary.

> The Austria-Hungarian consul is not entitled to appear for minors, subjects of Austria-Hungary and legatees under a will duly admitted to probate in this State, in a proceeding for the judicial settlement of the executor's account, without citation having been served upon them.

PROCEEDING upon the judicial settlement of the accounts of an executor.

Arthur J. Burns, for executor.

Arpad A. Kremer, representing consul-general of Austria-Hungary.

MILLARD, S. The testator in this case died in the city of Yonkers, March 30, 1907, leaving a last will and testament in and by which he appointed Michael Nyahay, of

Misc.]   Surrogate's Court, Westchester County, February, 1910.

Yonkers, as executor.   The will was admitted to probate in this county and the executor qualified and a year and upwards has elapsed since letters testamentary were issued to him.   He has filed an account of his proceedings and a petition requesting that a citation be issued to all persons interested in the estate for the judicial settlement of said account.   The Austria-Hungarian consul, represented by an attorney, objects to the issuance of citation to four of the legatees who are minors, residing in Austria-Hungary, as unnecessary and claims that he is entitled to appear for them and receive their share of the estate without the issuance of a citation directed to be served upon them.   I have carefully examined the briefs submitted to me by the respective parties and am thoroughly convinced that practically all of the decisions heretofore made apply to an intestate's estate and not to one where a will has been duly made and proven, under which an executor has been appointed who can be compelled to account and who should be entitled to a discharge, made as is usually had in accordance with the laws of this State.   The claim of the consul is based upon the fact that the citizens of Austria-Hungary are entitled to all the benefits and privileges granted to the most favored nation under any of the treaties made between this country and any foreign country and claims that the consul under such conditions is entitled to appear for the minors who are citizens of Austria-Hungary.   I cannot conceive it possible that greater privileges could be granted to alien infants than are granted to our own, residing in this State; and it has been settled beyond all question that even a general guardian appointed for minor infants cannot waive the issuance and service of a citation.

I, therefore, can see no possible course open to the executor here but to take and serve in the usual way a citation, duly returnable in this court after proper service of the same has been made.

I therefore decide that citation should issue directed to the parties in interest, to be served in the way provided by law.

Decreed accordingly.